IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AGEE,

       Plaintiff,

v.                                           Civil Action No. 5:06cv31
                                                (Judge Stamp)

WILLIAM HAINES, GEORGE JANICE,
AND JIM RUBENSTEIN,

       Defendants.

## REPORT AND RECOMMENDATION

On March 16, 2006, the *pro se* plaintiff initiated this case by filing a standard preprinted civil rights complaint against the above-named defendants. In the complaint, plaintiff completes the section labeled "Parties," the section labeled "Place Of Present Confinement," and the section labeled "Previous Lawsuits." Plaintiff signed the last page of the preprinted form, but otherwise left the remainder of the complaint blank. Plaintiff did not make any statement of his claim or request any relief. Plaintiff did, however, attach copies of administrative remedies submitted to various officials of the Division of Corrections related to a disciplinary charge. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, plaintiff states no facts, makes no allegations of a violation of any

---

[1] Id. at 327.

constitutional right, and requests no relief. In fact, the entire substantive portion of the complaint form is blank and there is absolutely no facts or other information from which this Court can reasonably identify plaintiffs' claims. At best, based on his attachments, the Court can merely guess that plaintiff wishes to challenge a disciplinary proceeding that resulted in the loss of several privileges. However, plaintiff does not state or identify any basis for which this Court can or should review that decision, *i.e.*, any alleged constitutional violation. Accordingly, plaintiff's claims are insufficiently pled, the complaint fails to state a claim for which relief can be granted, and the complaint should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

### III. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se*

plaintiff and counsel of record, as applicable.

DATED: August 18, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE