IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY AGEE,

    Plaintiff,

v.                                           Civil Action No. 5:06CV31
                                                                         (STAMP)
WILLIAM HAINES, GEORGE JANICE,
and JIM RUBENSTEIN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On March 16, 2006, Jerry Agee, acting pro se, initiated this case by filing a standard preprinted civil rights complaint against the defendants. Although the plaintiff signed the preprinted form and filled out the sections labeled "Parties," "Place of Present Confinement," and "Previous Lawsuits," he left the remainder of the complaint blank. Plaintiff did not make any statement of his claim or request for relief. Plaintiff did, however, attach copies of administrative remedies he sought within the Division of Corrections regarding a disciplinary charge.

The complaint was referred to United States Magistrate Judge James E. Seibert for preliminary review pursuant to LR PL P 83.01 et seq., and 28 U.S.C. §§1915(e) and 1915A. On August 18, 2006, the magistrate judge issued a report recommending that the

plaintiff's complaint be dismissed without prejudice. The plaintiff filed no objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Discussion

Federal Rule of Civil Procedure 8(a) provides in pertinent part that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis added). Although the pleading requirements under Rule 8 are liberal ones, "more detail is often required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In addition, complaints may not be frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(e). If a complaint is without arguable merit in law or fact, it is frivolous and must be dismissed. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although the Court must read pro se allegations in a liberal fashion, Haines v. Kerner, 404 U.S. 519, 520 (1972), dismissal must be ordered if the legal theories or factual allegations pled are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Here, plaintiff's pleading states no facts, makes no allegations of a violation of any constitutional right, and requests no relief. Indeed, plaintiff left the entire substantive portion of the complaint form blank. Even taking a liberal reading of the complaint, in light of the plaintiff's pro se status, the magistrate judge found that the complaint includes no information from which the Court can reasonably identify the plaintiff's claims.

At best, based on his attachments, the magistrate judge and this Court can merely guess that the plaintiff wishes to challenge a disciplinary proceeding that resulted in the loss of several privileges. The plaintiff does not identify any basis upon which this Court can or should review the disciplinary decision. As a result, the magistrate judge concluded, and this Court agrees, that the plaintiff's claims were insufficiently pled and that the

complaint fails to state a claim for which relief can be granted. Accordingly, the plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. Pro. 8 and 28 U.S.C. §1915(e).  See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against the defendants).

Therefore, because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, the plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein.

DATED:    September 8, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE